IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALISA B. BROWN, )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL J. ASTRUE, )<br>COMMISSIONER, SOCIAL )<br>SECURITY ADMINISTRATION, )<br><br>Defendant. ) | Case No. CIV-11-1133-HE |

## REPORT AND RECOMMENDATION

Plaintiff Alisa Brown seeks judicial review of an administrative denial of benefits. The Court should reverse and remand for further findings.

I.      BACKGROUND

Ms. Brown applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 96-98 (certified Nov. 4, 2011) ("Record"). The Social Security Administration denied the application,[1] and the present action followed. Ms. Brown argues in part that the administrative law judge had erred in the evaluation of her credibility. Ms. Brown is correct, and reversal is necessary.[2]

---

[1]      Record at pp. 1-3, 48-49, 55-62.

[2]      Ms. Brown also alleges other errors. However, the Court need not consider the other claims in light of the suggested reversal based on error in the credibility findings. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

II.      STANDARD OF REVIEW

Reversal is necessary if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

III.     THE CREDIBILITY ANALYSIS

As alleged by the Plaintiff, the administrative law judge's credibility analysis was deficient.

The pertinent administrative regulations required the judge to analyze the disability claim under a four- or five-step process. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). The present claim implicates the second and fourth steps of this process.

At step two, the judge was obliged to determine whether Ms. Brown had a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

And at step four, the judge had to consider Ms. Brown's impairments and translate them into a set of physical and mental abilities, called "residual functional capacity." *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(c). This capacity, by definition, was to represent the most that Ms. Brown could do with her combination of impairments. *See* 20 C.F.R. § 404.1545(a).

Ms. Brown expressed a number of complaints bearing on the analysis at steps two and four. *E.g.*, Record at p. 22. For example, she voiced complaints about the frequency and intensity of her pain. *Id.* This pain, according to Ms. Brown, prevented her from walking more than fifteen or twenty minutes before she would need to sit. *Id.* at p. 23. With the

Plaintiff's complaints in mind, the administrative law judge had to assess the most that Ms. Brown could do with her limitations. *See supra* p. 2. Because Ms. Brown's pain complaints would involve the ability to perform work-related physical activities, such as standing and walking, the judge had a duty to evaluate her credibility.[3]

The administrative law judge set out to comply with the regulatory requirements bearing on steps two and four. At step two, the judge found multiple impairments, including fibromyalgia, that he regarded as "severe." Record at p. 57. And at step four, the judge assessed residual functional capacity and found an ability to perform a full range of "light" work. *Id.* at p. 58. By definition, this work would have required the ability to stand or walk at least six hours each work-day on a regular and continuous basis.[4] The judge ultimately discounted the Plaintiff's complaints, stating that the Plaintiff's recitation of "symptoms [were] not credible to the extent they [were] inconsistent with [the judge's] residual functional capacity assessment." *Id.* at p. 60. This explanation was not sufficient.

---

[3]     *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined.").

[4]     *See* Program Policy Statement 101, Social Security Ruling 83-10, *Titles II and XVI: Determining Capability to Do Other Work – the Medical-Vocational Rules of Appendix 2*, 1983 WL 31251, Westlaw op. at 6 (1983) ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday").

The administrative law judge had a duty to explain his credibility findings with enough specificity for the Court to track his reasoning.[5]  Here the judge provided a lengthy discussion of Ms. Brown's complaints and the medical evidence that related to her physical abilities.  *Id.* at pp. 58-61.  But even with this lengthy discussion, the Court has no way to ascertain why the administrative law judge had apparently rejected the pain-related complaints after acknowledging a severe impairment of fibromyalgia.  *See supra* p. 3 (citing Record at p. 57).

Because the RFC findings conflicted with Ms. Brown's account of her physical abilities, the administrative law judge obviously did discount some of the complaints.  But the Court does not know which ones or why.

The judge did remark that the Plaintiff's daily activities were "not those of an individual unable to work."  Record at p. 60.  In doing so, the judge appeared to bypass the regulatory process for analysis of disability claims.  At step four, the judge was supposed to assess Ms. Brown's RFC and then compare it to the vocational demands of past or potential work.[6]

---

[5]     *See* Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996), (stating that the adjudicator must provide reasons for the credibility finding that are "sufficiently specific to make clear to . . . any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight").

[6]     *See* C.F.R. § 404.1546(b) (stating that the ALJ will assess the claimant's RFC), § 404.1560(b)-(c) (stating that the agency will compare the RFC assessment to the demands of past relevant work or other jobs existing in significant numbers).

Instead, the administrative law judge collapsed the regulatory scheme into a single inquiry — whether the claimant's activities were those of a disabled person. The judge answered in the negative. By collapsing the distinct inquiries into one, the administrative law judge left the Court without any way to divine how he had assessed Ms. Brown's pain complaints. The judge clearly thought Ms. Brown could work, but the Court does not know whether the judge had:

- disbelieved the pain complaints or

- thought the claimant could fulfill the vocational demands of past work even with the pain.

The ambiguity in the decision is more troublesome, however, because of the judge's finding at step two.

There the judge acknowledged a severe impairment consisting of fibromyalgia. *See supra* p. 3 (citing Record at p. 57). This condition, by definition, involves pain.[7] Indeed, one of the principal symptoms of the disease is "'pain all over . . . .'" *Moore v. Barnhart*, 114 Fed. Appx. 983, 991 (10th Cir. Nov. 19, 2004) (unpublished op.) (quoting *Sarchet v. Chater*,

---

[7]      *See, e.g.*, *Duncan v. Apfel*, 156 F.3d 1243, 1998 WL 544353, Westlaw op. at 2 (10th Cir. Aug. 26, 1998) (unpublished op.) ("Fibromyalgia is defined as a syndrome of pain in the fibrous tissues, muscles, tendons, ligaments, etc." (citing *The Merck Manual of Diagnosis & Therapy* 1369 (Robert Berkow & Andrew J. Fletcher eds., 16th ed. 1992)); *see also Fibromyalgia & Other Central Pain Syndromes* 125 (Daniel J. Wallace & Daniel J. Clauw eds. 2005) ("Fibromyalgia syndrome . . ., also called fibromyalgia, is a common condition that is characterized by widespread musculoskeletal aches and pain as well as exaggerated pain on pressure, called tender points . . . . (footnote omitted)); Gerald Granges, Paul Zilko, & Geoffrey Owen Littlejohn, *Fibromyalgia Syndrome: Assessment of the Severity of the Condition 2 Years After Diagnosis*, 21 Journal of Rheumatology 523, 523 (1994) ("Fibromyalgia syndrome . . . is a common chronic pain condition characterized by widespread musculoskeletal pain, low pain threshold to pressure, nonrestorative sleep, fatigue, and morning stiffness." (footnote omitted)).

78 F.3d 305, 306 (7th Cir. 1996)).  Ms. Brown's pain complaints could presumably have reflected symptoms of her fibromyalgia.  Perhaps the judge had reasons to find that Ms. Brown had no symptoms from her fibromyalgia.  For example, the judge might have regarded the pain complaints as exaggerated or believed that the fibromyalgia was in remission.  But if the complaints were exaggerated or Ms. Brown's disease was in remission, one would wonder why the administrative law judge had regarded the fibromyalgia at step two as a significant limit on the ability to perform basic work activities.  20 C.F.R. § 404.1521(a) (stating the requirements are not severe unless they "significantly limit" the claimant's "physical or mental ability to do basic work activities").  At step four, the judge apparently failed to include the limitations from fibromyalgia in the RFC findings.

There lies the fundamental shortcoming in the administrative law judge's credibility findings.[8]  The judge apparently rejected some complaints, such as those relating to pain.  But, the judge never said which complaints were believed and which were not and how the assessment fit into the RFC findings.  These omissions leave the Court unable to track the administrative law judge's consideration of the pain complaints and their effect on the RFC findings.  Without the ability to track the judge's rationale, the Court must reverse and remand for further credibility findings.  *See supra* p. 5.

---

[8]     *See Brown v. Barnhart*, 182 Fed. Appx. 771, 774 (10th Cir. May 25, 2006) (unpublished op.) ("the ALJ's determination that [the claimant] was not totally credible with respect to her physical limitations is made problematic by [the ALJ's] refusal to consider [the claimant's] fibromyalgia").

IV.     NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.  *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.).  The deadline for objections is August 31, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

V.      STATUS OF THE REFERRAL

The referral is discharged.

Entered this 14th day of August, 2012.

Robert E. Bacharach
United States Magistrate Judge